UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALBERT JOE MARTIN**<br>    **LA. DOC #369015**<br>**VS.** | **CIVIL ACTION NO. 3:14-cv-2743**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **CAPT. RAY LeBLANC, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Albert Joe Martin, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 16, 2014. Plaintiff is an inmate in the custody of the Department of Corrections (DOC); he is incarcerated at the Union Parish Detention Center, Farmerville, Louisiana; however, he complains about an incident that occurred on July 29, 2014, while he was incarcerated at the Jackson Parish Corrections Center (JPCC), Jonesboro. Plaintiff sued Capt. Ray LeBlanc, Sergeant Bennette, Dy. Hardy Parks, and Warden Timothy Ducote. He prayed for an investigation of the defendants, their termination from employment and compensatory damage for "heartache and pain [and] pain and suffering" and for the closure of the JPCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of the DOC; on July 29, 2014 he was confined in one of the lock-down cells at JPCC. On that day defendants LeBlanc, Parks and Bennette entered his cell with what plaintiff described as the "... intent to beat me and/or to intimidate me." Upon

entering the cell, LeBlanc threw all of plaintiff's belongings to the floor. The trio surrounded plaintiff. LeBlanc grabbed plaintiff by the neck and "lightly" slapped plaintiff while threatening plaintiff with bodily harm. Parks slapped plaintiff on the back of his head while Bennette was "pointing his finger" in plaintiff's face. The defendants used obscene language and racial epithets toward plaintiff and continued to threaten bodily harm.  As they were leaving Bennette slapped plaintiff. An hour later, plaintiff was transferred to his present place of confinement.

As noted above, plaintiff prayed for an investigation, the termination of defendants' employment, an order prohibiting them from future employment by the DOC and the closure of the JPCC. He also prays for an unspecified amount of damages for "heartache and pain/pain and suffering."

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon

which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Supervisory Officials*

As previously noted, plaintiff sued Warden Ducote; however, plaintiff alleged no fault on the part of this defendant. It appears that he sued him in his supervisory capacity.  However, under §1983, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). In other words, "[v]icarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).  Thus, to the extent that plaintiff seeks to name a supervisory official such as Warden Ducote, as defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the defendant. This he has not done and therefore his claims against Warden Ducote must be dismissed for failing to state a claim for which relief may be granted.

*3. Excessive Force*

Plaintiff faults the remaining defendants for their alleged use of excessive force against him. An excessive force claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. In evaluating such a claim under the Eighth Amendment  the issue is

whether the force alleged was applied maliciously and sadistically for the very purpose of causing harm, or whether the application of force was merely a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The factors to be considered in determining whether the force applied was excessive include (a) the extent of injury sustained, if any, (b) the need for the application of force, (c) the relationship between the need for force and the amount of force utilized, (d) the threat reasonably perceived by prison officials, and (e) any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

The United States Supreme Court has held that while the malicious and sadistic use of force to cause harm is actionable, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Rather, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks omitted).

In its application of that maxim, the Fifth Circuit has held "... to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999).

Accepting plaintiff's allegations as true, he has not demonstrated that the force used by defendants was applied maliciously and sadistically to cause harm, as is required for a viable excessive force claim. More importantly, the pleadings suggest that the force applied by the defendants was minimal.

Indeed, plaintiff has not demonstrated that he suffered ANY injury much less a *de*

4

*minimis* injury resulting from the force employed. As noted above, in his prayer for relief, plaintiff implied that he suffered "heartache" and pain, however, he did not describe any other physical injury; nor can one envision an other than *de minimis* injury resulting from the actions of the defendants as described by plaintiff.

In short, it appears that plaintiff alleged only mental and emotional injury as a result of the complained of event and such a claim standing alone does not state a claim for which relief may be granted. Title 42 U.S.C.§1997e(e), provides"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997)) (alteration in original).

Finally, plaintiff seems more troubled by the admittedly harsh and abusive language used by the defendant prison officials. However, verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983). Further, plaintiff's allegation that he was otherwise verbally abused (i.e. that he was the target of profanity and racial epithets), while regrettable, does not state a claim of constitutional dimension. Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under § 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5 Cir.1993), *Siglar v. Hightower*, 112 F.3d 191 (5 Cir.1997.

In short, plaintiff has failed to state a claim for which relief may be granted.[1]

---

[1] Finally, plaintiff also prayed for an investigation, the termination of the defendants' employment and the closure of the prison. Such relief is not available in this action.

...
...
...
...
...

*4. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 17, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**